**≡ FOLEY**
FOLEY & LARDNER LLP

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM
bboland@foley.com EMAIL
CLIENT/MATTER NUMBER
045952-0101

<u>Via ECF</u>

May 24, 2016

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

    Re: <u>Crede CG III, Ltd. v. 22nd Century Group, Inc.</u>, No. 1:16-cv-03103-KPF

Dear Judge Failla:

    Pursuant to Rule 4(A) of the Court's Individual Rules and Practices for Civil Cases, Defendant 22nd Century Group, Inc., ("XXII") requests a pre-motion conference on its anticipated motion to dismiss for improper venue and motion to dismiss for failure to state a claim for the reasons stated more fully below. At this time, Plaintiff does not consent to the filing of these motions. Also, XXII notes that prior to appearance of counsel for XXI, Plaintiff filed a Motion for Preliminary Injunction, and the Court issued an Order to Show Cause and set a hearing thereon for June 13, 2016. XXII respectfully suggests that the venue issue should be heard and determined by the Court prior to consideration of the requested injunction. See <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F. Supp. 128, 131 (S.D.N.Y. 1994) ("The propriety of a forum is a threshold matter that the Court must consider before addressing the merits . . . . Accordingly, before reaching plaintiff's motion for preliminary injunctive relief, this Court will consider whether . . . this action is properly before it.").

    <u>Motion to Dismiss or Transfer for Improper Venue</u>:  The Amended Complaint should be dismissed for improper venue under 28 U.S.C. 1406(a) because XXII does not reside in this District and none of the events or omissions giving rise to the claims occurred in this District. Rather, venue is proper in the Western District of New York, where: (1) XXII is a resident and has its principal place of business; (2) a substantial portion of the alleged events or omissions at issue occurred; and (3) the Shareholder's Agreement ("JV Agreement") between the parties – which Plaintiff references as the basis for Counts I, VI and VII – requires exclusive venue in the Western District of New York for any claims. Plaintiff's Amended Complaint should therefore be dismissed for improper venue or, in the alternative, transferred to the Western District of New York, notwithstanding Plaintiff's allegations regarding a different forum selection clause related to certain of its claims. "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in §1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under §1406. Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in §1391(b)." <u>Atlantic Marine Construction Co. v. United States Dist. Court</u>, 134 S. Ct. 568, 577 (2013); see also <u>Prosperity Bank v. Balboa Music Festival, LLC</u>, No. 4:13-CV-00288, 2014 WL 1023935, at *3 (S.D. Tex. Mar. 13, 2014) (holding that notwithstanding a forum selection clause calling for venue in the Southern District of Texas, "[b]ecause § 1391(b) applies, the mandatory forum-selection clause in the Ticketing Agreement does not affect the transfer under § 1406(a). Thus, this case should be dismissed or transferred under § 1406(a) to a district in which it could have been brought."). Alternatively, at a minimum, Counts I, VI and VII should be



May 24, 2016
Page 2

transferred to the Western District of New York pursuant to 28 U.S.C. § 1404(a) due to the exclusive venue provision in Section 16.12 of the JV Agreement.

<u>Motion to Dismiss for Failure to State a Claim:</u>  The Amended Complaint should also be dismissed for failure to state a claim because the terms of the contracts and documents identified in the Amended Complaint contradict the allegations by Plaintiff regarding XXII's supposed duties and breaches.  More specifically:

<u>Count I</u> alleges XXII breached the "Finance Agreement," identified vaguely in Paragraph 7 of the Amended Complaint to refer "collectively" to a "network of integrated contracts" intended to sell tobacco in China. Count I does not identify the specific contract(s) or contract provision(s) allegedly breached, only that XXII allegedly breached its "express and implied" obligations under the "Finance Agreement" for failure to pursue the China joint venture. These vague and conclusory allegations fail to satisfy applicable pleading requirements. <u>Valentini v. Citigroup, Inc.</u>, 837 F. Supp. 2d 304, 327 (S.D.N.Y. 2011) (to state "a breach of contract claim, Plaintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue.") (internal quotations omitted).

Further, among the agreements referenced but not attached to the Complaint, only the JV Agreement identifies obligations in furtherance of the proposed China venture. However, the JV Agreement does not contain any obligations allegedly breached by XXII, and the JV Agreement provides that it governs the pursuit of sales in China. Indeed, the JV Agreement makes the joint venture entity, 22nd Century Asia – and not XXII – responsible for virtually all obligations regarding the China venture. Recognizing this, Section "C" of the Amended Complaint titles the breach allegations as "[XXII] Causes 22nd Century Asia to Breach the China JV Agreement." (Emphasis added). In contrast, the JV Agreement contains only limited obligations of XXII, which the allegations agree either had been satisfied (providing a tobacco sample) or the JV Agreement provides were not yet required (contributing $10M to 22nd Century Asia <i>after</i> XXII's receipt of an $8.4M license fee from China that did not occur as required by Section 2.6 of the JV Agreement). Because the JV Agreement contradicts the alleged duties giving rise to the alleged breach, no breach claim can be stated. <u>See</u> <u>Castorino v. Citibank N.A.</u>, No. 07 CIV. 10606, 2008 WL 5114482, at *3 (S.D.N.Y. Dec. 5, 2008) (dismissing complaint where "contract's terms . . . are squarely at odds with Plaintiff's breach of contract claim."). Allegations of an implied duty of good faith do not change this analysis, as the implied duty cannot impose obligations inconsistent with the express terms of the contract.  <u>See</u> <u>Murphy v. Am. Home Products Corp.</u>, 448 N.E.2d 86, 91 (1983).

<u>Counts I and VII</u> also fail because they can be brought by Plaintiff only as derivative claims since the damages are to 22nd Century Asia, not Plaintiff. The allegations are that the failure to pursue the China venture caused (Count I) or may cause (Count VII) damage in terms of lost profits and opportunities. However, pursuant to the JV Agreement, the JV entity, 22nd Century Asia, was the entity through which products would be sold and distributed in China, and therefore the entity which suffered or would suffer any alleged damages. Any claim for such alleged mismanagement of 22nd Century Asia is therefore properly the claim of 22nd Century Asia, and not Plaintiff, who is simply one of the three shareholders of 22nd Century Asia. <u>See</u> <u>Barry v. Curtin</u>, 993 F. Supp. 2d 347, 352 (E.D.N.Y. 2014) ("[A]llegations of mismanagement or diversion of assets ... plead a wrong to the corporation only, for which a shareholder may sue derivatively but not individually," and "[t]his is true even where . . . the



May 24, 2016
Page 3

corporation is closely held . . . [and] the majority shareholder is alleged to have participated in the wrongdoing."). Further, Plaintiff has not satisfied the prerequisites for bringing a derivative suit on behalf of 22nd Century Asia, such as, but not limited to, prior demand on 22nd Century Asia's Board of Directors. <u>See, e.g.</u>, Fed. R. Civ. P. 23.1(b).

<u>Count II</u> seeks rescission of the Securities Purchase Agreement ("SPA"), alleging that XXII breached the Tranche 1A Warrant Agreement ("Warrant Agreement") and, thus, Plaintiff may supposedly rescind the SPA. As explained below, XXII did not breach the Warrant Agreement. Moreover, the SPA is wholly unrelated to the Warrant Agreement, and neither agreement – both of which contain integration clauses – refers in any way to the other. The SPA provides only that Plaintiff will make the $10 million investment in XXII (which $10 million is to be used "for general corporate purposes" as expressly stated in Section 4(d) of the SPA) and receive XXII common stock in exchange, which Plaintiff admits occurred. The Warrant Agreement simply provides for the exercise of warrants under stated conditions. Thus, the Warrant Agreement, and any alleged breach thereof, is irrelevant to the SPA, and does not support a claim to rescind the SPA. <u>See</u> <u>Septembertide Pub., B.V. v. Stein & Day, Inc.</u>, 884 F.2d 675, 678 (2d Cir. 1989) (". . . rescission is appropriate only when a breach may be said to go to the root of the agreement between the parties.").

In <u>Counts III, IV and V</u> Plaintiff alleges that by reason of the XXII's March 10, 2016 letter, XXII blocked Plaintiff from exercising its Exchange Rights in breach of the Warrant Agreement, and seeks a declaratory judgment, damages and specific performance. However, the subject letter, which Plaintiff does not attach, identifies in great detail how Plaintiff violated activity restrictions in the Warrant Agreement by trying to displace XXII management and Board members. By the unambiguous terms of the Warrant Agreement, these violations expressly entitled XXII to deny the Exchange Rights. Further, Plaintiff has an adequate remedy at law in the form of money damages and is therefore not entitled to specific performance or injunctive relief.

<u>Count VI</u> alleges XXII tortiously interfered with the JV Agreement. However, XXII is a *party* to the JV Agreement, and cannot tortiously interfere with its own contract. <u>See</u> <u>Solow v. Stone</u>, 994 F. Supp. 173, 181 (S.D.N.Y.) ("a defendant cannot tortiously interfere with a contract if he is not a third part[y] unrelated to the contract.") (internal quotations omitted). Further, because XXII had an economic interest in the China venture and the JV Agreement, it cannot be liable for tortious interference unless it acted with malice or employed illegal means. <u>See</u> <u>Vinas v. Chubb Corp.</u>, 499 F. Supp. 2d 427, 431 (S.D.N.Y. 2007). Plaintiff's conclusory allegation of malice is wholly insufficient. <u>See</u> <u>Ruha v. Guior</u>, 277 A.D.2d 116 (2000) ("bare allegations of malice do not suffice, particularly where such allegations are contradicted by plaintiffs' own claims that defendants' actions were financially motived.").

<u>Count VII</u> seeks an injunction to prevent XXII from pursuing efforts to sell tobacco in China as allegedly prohibited by the JV Agreement. However, the JV Agreement provides that this exclusivity prohibition applies only "<u>until termination of this Agreement</u>". Because the Amended Complaint alleges that XXII terminated the JV Agreement, this exclusivity provision expressly does not apply.

                                              Respectfully submitted,

                                              /s/ Beth I. Z. Boland

                                              Beth I. Z. Boland, Esq.

cc:       Counsel of Record