# OLSHAN

1325 AVENUE OF THE AMERICAS ▪ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ▪ FACSIMILE: 212.451.2222

EMAIL: TFLEMING@OLSHANLAW.COM
DIRECT DIAL: 212.451.2213

June 9, 2016

VIA ECF
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

      Re:    Crede CG III, Ltd. v. 22nd Century Group, Inc., No. 1:16-cv-03103-KPF

Dear Judge Failla:

We represent Plaintiff Crede CG III, Ltd. ("Crede"). We write in response to the pre-motion letter of Defendant 22nd Century Group, Inc. ("22nd Century"), dated May 24, 2016, and in advance of the June 13 hearing on Plaintiff's motion for a preliminary injunction, during which we understand the Court will address Defendant's pre-motion letter. Plaintiff contends the proposed motion lacks merit for the reasons discussed more fully below.

    1.  Venue is Proper in this District

Defendant's claim that venue is not proper in this District fails for several reasons. Five of the contracts at issue in this designate this District as the exclusive forum for resolving disputes, including the Securities Purchase Agreement ("SPA"), which closed in New York City. (SPA at § 9(a); Tranche 1A, 1B, 2 and 3 Warrants Agreements, at § 12). Forum selection clauses between sophisticated commercial parties are, and should be, routinely enforced. *See, e.g., M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 1916, 32 L. Ed. 2d 513 (1972) (a contractual forum selection clause must be enforced unless the party opposing enforcement "clearly show[s] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching").

The five contracts with New York County forum clauses predominate the seven claims in the Amended Complaint. Count II seeks damages for breach of the SPA, and Counts III, IV, and V seeks to enforce rights under the Tranche 1A Warrant. Count I seeks damages under the SPA based on defendant's failure to perform under the China JV, treating all agreements as a single "finance agreement". At the very least, each of these claims must remain in the Southern District. *See, e.g. TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 476 (2d Cir. 2011) (quoting *Klotz v. Xerox Corp.*, 519 F.Supp.2d 430, 435 (S.D.N.Y.2007) (Lynch, *J.*) ("the [Second] Circuit has repeatedly enforced forum selection clauses through motions to dismiss for improper venue")). A severance of the remaining claims, which are in part interrelated, would lead to multiple litigation and a poor use of judicial resources. For this reason, severance is a last resort. *See, e.g., Bent v. Zounds Hearing Franchising, LLC*, No. 15 CIV. 6555 (PAE), 2016 WL 153092, at *9 (S.D.N.Y. Jan. 12, 2016) (denying severance where all claims against defendants

June 9, 2016
Page 2

arose from the same set of events, presented common questions of law and facts, and where overlap in witnesses and documentary proof was likely. Venue is proper in this District, independent of the forum selection clauses, pursuant to 28 U.S.C. §1391(b)(1) & (2). Accordingly, plaintiff's selection of this forum is entitled to deference. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 154 (2d Cir. 2005) ("Usually, the greatest deference is afforded a plaintiff's choice of its home forum.").

### 2. Defendant's Anticipated Motion to Dismiss Will Fail on the Merits

A.  The Tranche 1A Warrant Claims (Counts III-V) On a motion to dismiss, the allegations in the Amended Complaint must be presumed true. *Pier Connection, Inc. v. Lakhani*, 907 F. Supp. 72, 74 (S.D.N.Y. 1995) ("In considering a motion to dismiss, the court must presume all factual allegations in the complaint to be true. Moreover, the court must draw all reasonable inferences in favor of the non-moving party." Counts III, IV, and V assert claims arising from defendant's breach of the Tranche 1A Warrant by failing to honor plaintiff's exercise of the Warrant's Exchange Right. Defendant asks this Court to look beyond the pleading to review emails sent in 2015, long before defendant purported to cancel the Exchange Right. Defendant's request for the Court to weigh evidence external to the pleadings must be rejected. Nor would it be proper for the Court, at the pleading stage, to address the merits of plaintiff's request, in the alternative, for injunctive relief. Plaintiff's moving and reply papers submitted on the pending preliminary injunction demonstrate the merits of these claims.

B.  The SPA Claim (Count II) The Second Count seeks relief under the SPA in the form of rescission. *See, e.g., Dep't of Econ. Dev. v. Arthur Andersen & Co. (USA)*, 924 F. Supp. 449, 483 (S.D.N.Y. 1996) ("Under New York law, a breach in a contract which substantially defeats the purpose of that contract can be grounds for rescission."). The Tranche 1A Warrant, and the Exchange Right in particular, were a material inducement for Plaintiff's $10 million investment in 22nd Century pursuant to the SPA. (*see* Am. Compl. ¶ 7). When the parties executed SPA, they entered into a side letter requiring the issuance of the Tranche 1A Warrant, plaintiff thus adequately pleads that the Warrant is integral to the SPA. The Amended Complaint pleads that these contracts, signed within days of each other, are to be treated as a single financing. Accordingly, Defendant's breach of the Tranche 1A Warrant Agreement constitutes a repudiation of the SPA, entitling Plaintiff to the remedy of rescission.

C.  Breach Relating to the China JV (Counts I) The First Count alleges that the SPA and plaintiff's Warrants were part of a single, unitary financing referred to as the "Finance Agreement." Plaintiff pleads a breach of the "Finance Agreement" by virtue of 22nd Century's termination of the China opportunity, after a series of gross errors. This count pleads the essential elements of a breach of contract claim, namely an agreement (the Finance Agreement), defendant's breach (termination of the China JV) and damage. Nor is this Count derivative in nature. Plaintiff seeks recovery only for the losses that it suffered arising from its direct investment in 22nd Century. *See Bartfield v. Murphy*, 578 F.Supp.2d 638, 646 (S.D.N.Y.2008) (stating, in the context of claims against each other by shareholders of an LLC, that "[t]he issue is whether the 'primary injury' for which relief is sought directly affects an interest the plaintiff holds, or if it injures the legal entity's interests, which then derivatively injures the plaintiff"). "[W]here the plaintiff's injury is direct, the fact that another party [such as the joint venture

June 9, 2016
Page 3

itself] may also have been injured and could assert its own claim does not preclude the plaintiff from asserting its claim directly.").

      D.    <u>Other claims relating to the China JV (Counts VI and VII)</u> Plaintiff's claim for tortious interference (Count VI) is also well plead. The essential allegations are that 22nd Century acted to advance its own interests in China by causing the China JV to fail. *See, e.g., Leber Assocs. LLC v. Enter. Group Fund, Inc.*, No. 00 Civ. 3759, 2003 WL 21750211, at *18 (S.D.N.Y. July 29, 2003). Furthermore, the Amended Complaint is replete with allegations that 22nd Century maliciously sought to ruin Crede and inflict maximum reputational and economic harm. *See, e.g.*, Compl. 39, 40-41, 46, 50. The tortious interference claim should be sustained. Count VI is likewise not "derivative claims in disguise." Plaintiff has a direct claim for loss arising from the JV Agreement and its investment in 22nd Century.

      Count VII properly pleads a claim for injunctive relied. Defendant's claim that the exclusivity provision in the China JV Agreement no longer applies merely raises factual questions. This Count alleges that 22nd Century's plan to pursue the opportunity for itself lead to the failure of the China JV, thereby entitling Plaintiff to equitable relief. Merely raises factual questions to prevent 22nd Century from profiting from its own self-dealing and bad-faith conduct.

      We look forward to addressing these issues in greater detail at the June 13 conference.

                                          Respectfully submitted,

                                          Thomas J. Fleming, Esq.

3710429-3