UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CREDE CG III, LTD.,

               *Plaintiff*,

           -against-                     Case No.: 1:16-cv-03103 (KPF)

22nd CENTURY GROUP, INC.,

               *Defendant*.
------------------------------------------------------------------X

# 22ND CENTURY GROUP, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO SEVER AND TRANSFER COUNTS I, VI AND VII TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .......................................................................................................................... 3

    I.      Plaintiff's Choice of this Forum is Not Entitled to Deference ............................... 3

    II.     The "Finance Agreement" Relied on by Plaintiff is Pure Fantasy, and Cannot Override the Agreed Forum-Selection Clauses in the Parties' Real Agreements ................................................................................................... 4

    III.    Severance and Transfer is Appropriate to Enforce the Forum-Selection Clause .................................................................................................................. 8

          A.     Plaintiff Has Not Met Its Burden To Show the Exceptional Circumstances Necessary Not To Enforce the Forum-Selection Clause ....................................................................................................... 8

          B.     Numerous Other Courts Have Ordered Severance and Transfer ................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page(s)**

*1-Stop Fin. Serv. Ctrs. of Am., LLC v. Astonish Results, LLC*,
    No. A-13-CA-961-SS, 2014 WL 279669
    (W.D. Tex. Jan. 23, 2014)..................................................................................................8

*Ahern v. S. Buffalo Ry. Co.*,
    303 N.Y. 545 (1952) ......................................................................................................7

*Atl. Marine Constr. Co., v. U.S. Dist. Court for the W. Dist. of Texas*,
    134 S. Ct. 568 (2013) .............................................................................................. passim

*Axis Oilfield Rentals, LLC v. Mining, Rock, Excavation & Constr., LLC*,
    No. 15-1627, 2015 WL 5774801
    (E.D. La. Sept. 30, 2015) ............................................................................................8, 9

*Big East Entm't, Inc., v. Zomba Enters., Inc.*,
    453 F. Supp. 2d 788 (S.D.N.Y. 2006)............................................................................6

*Commander Oil Corp. v. Advance Food Serv. Equip.*,
    991 F.2d 49 (2d Cir. 1993)..............................................................................................6

*In re Residential Capital, LLC*,
    533 B.R. 379 (Bankr. S.D.N.Y. 2015) ...........................................................................5

*Rosen v. Mega Bloks Inc.*,
    No. 06 Civ. 3474 (LTS)(GWG), 2007 WL 1958968
    (S.D.N.Y. July 6, 2007) ................................................................................................7

*This Is Me, Inc. v. Taylor*,
    157 F.3d 139 (2d Cir. 1998) ..........................................................................................5

*TVT Records v. Island Def Jam Music Grp.*,
    412 F.3d 82 (2d Cir. 2005)............................................................................................5

**Statutes**

28 U.S.C. § 1404(a) .............................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 21................................................................................................................2

Fed. R. Civ. P. 12(b)(3)......................................................................................................10

Defendant 22nd Century Group, Inc. ("22nd Century") submits this Reply to Plaintiff Crede CG III, Ltd.'s ("Plaintiff") Memorandum of Law in Opposition to Defendant's Motion to Sever and Transfer Counts I, VI and VII to the Western District of New York ("Opposition").

**PRELIMINARY STATEMENT**

Plaintiff's Opposition is long on rhetoric, but short on substance or an accurate understanding of the law regarding the enforcement of exclusive forum-selection clauses. Although Plaintiff concedes certain of its claims are governed by the exclusive forum-selection clause in the China JV Agreement, Plaintiff fails to acknowledge what the United States Supreme Court in *Atlantic Marine* has made abundantly clear – that "**[t]he presence of a valid forum-selection clause" means that "the plaintiff's choice of forum merits no weight**." *Atl. Marine Constr. Co., v. U.S. Dist. Court for the W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013).

Plaintiff's attempt to avoid this clear direction by the Supreme Court is literally fantasy, with Plaintiff untenably arguing that, because there is no "unitary forum-selection clause" in the parties' alleged "Finance Agreement," the forum-selection clause in the China JV Agreement can be ignored. This argument is fantasy because there is no "Finance Agreement" in the first instance – no such document exists or has been identified, referred to or relied on by name by anyone prior to Plaintiff's Complaint herein. Rather, there are really just two contracts at issue in this case, the China JV Agreement and the Tranche 1A Warrant, neither of which incorporate or are dependent on the other.[1] Most importantly, each of these agreements contains an exclusive forum-selection clause, to which the parties both agreed, and which 22nd Century now simply seeks to enforce by its Motion.

---

[1] While the parties Securities Purchase Agreement ("SPA") is referenced in Count II, the claim is that Plaintiff should be allowed to rescind the SPA because of 22nd Century's alleged breach of the Tranche 1A Warrant. (Am. Compl. ¶¶ 66-70). Regardless, the SPA has its own forum-selection clause that provides for the exclusive venue in the SDNY – the same as the Tranche 1A Warrant – making venue analysis for Count II moot even if the SPA's forum-selection clause is considered.

Plaintiff also incorrectly argues 22nd Century has the burden to justify enforcement of the forum-selection clause, when in fact, the Supreme Court in *Atlantic Marine* made clear Plaintiff "**bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted**" - and can meet this burden only by establishing **"extraordinary circumstances."** *Atl. Marine*, 134 S. Ct. at 581 (emphasis added). To satisfy this high burden, Plaintiff must show "**that public-interest factors overwhelmingly disfavor a transfer**." *Id.* at 583 (emphasis added). This burden cannot be met by Plaintiff's argument raising **private interest** factors such as alleged inefficiency or inconvenience. The only public interest factor Plaintiff argues is the alleged risk of inconsistent results, but as demonstrated below, the legal and factual determinations regarding the alleged breaches of the China JV Agreement and the Tranche 1A Warrant are wholly distinct and pose no such risk.

In sum, 22nd Century's Motion simply seeks to give effect to the two separate exclusive forum-selection clauses, so that the claims related to the Tranche 1A Warrant will be tried in the SDNY as the parties agreed, and the claims related to the China JV Agreement will be tried in the WDNY as the parties also agreed. Further, nothing in Plaintiff's Opposition changes the fact that severance and transfer is the appropriate procedure to enforce these exclusive forum-selection clauses, which, as the Supreme Court explained, are to be "given controlling weight in all but the most exceptional cases." *Id.* at 581 (internal citation omitted). Accordingly, 22nd Century's Motion should be granted and Counts I, VI and VII severed from this case pursuant to Rule 21 of the Federal Rules of Civil Procedure, and transferred to the WDNY pursuant to 28 U.S.C. § 1404(a).

## ARGUMENT

### I. Plaintiff's Choice of this Forum is <u>Not</u> Entitled to Deference

Plaintiff concedes the "China JV Agreement designates the Western District of New York . . . as the exclusive venue for resolving disputes arising thereunder." (Opp'n at 4). Plaintiff also concedes that "it is true that Counts VI (tortious interference) and VII (permanent injunction) may 'arise' out of the China JV Agreement . . . ." (Opp'n at 2). These concessions are fatal to Plaintiff's central argument – that "Plaintiff's selection of this [SDNY] forum is entitled to substantial deference, and this case should remain here in its entirety." (Opp'n at 7).

This is because the Supreme Court has made clear that "**[t]he presence of a valid forum-selection clause" means that "the plaintiff's choice of forum merits no weight**." *Atl. Marine*, 134 S. Ct. at 581 (emphasis added). Instead, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," and can do so only by showing "extraordinary circumstances." *Id.* Indeed, as explained by the Supreme Court, "when a plaintiff agrees by contract to bring suit only in a specified forum . . . the plaintiff has effectively exercised its 'venue privilege' before a dispute arises;" thus, it is "**[o]nly that initial choice [that] deserves deference** . . . ." *Id.* at 582.

In other words, Plaintiff and 22nd Century already made their choice of forum for claims arising from the China JV Agreement when they signed the China JV Agreement – choosing the WDNY – and it is only that choice that is entitled to deference, not Plaintiff's later and different choice when filing this lawsuit. Thus, contrary to Plaintiff's argument that 22nd Century is trying to "usurp Crede's choice of forum," (Opp'n at 1), 22nd Century is simply enforcing the choice of forum already made by Crede **and** 22nd Century. Said differently, it is Plaintiff that has improperly attempted to usurp **the parties' agreed choice of forum** by bringing Counts I, VI and VII in the SDNY when they **both** agreed that the exclusive forum was the WDNY.

3

Deference to the parties' contractual choice of forum is mandated by *Atlantic Marine*, and Plaintiff has no legal basis for asking this Court to ignore both *Atlantic Marine* and the forum-selection clause in the China JV Agreement. As the Supreme Court has made clear, "'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.'" *Id.* at 581 (internal citation omitted).

## II. The "Finance Agreement" Relied on by Plaintiff is Pure Fantasy, and Cannot Override the Agreed Forum-Selection Clauses in the Parties' Real Agreements

Although Plaintiff now concedes – as it must – that its claims in Counts VI and VII "arise out of the China JV Agreement," (Opp'n at 2), Plaintiff continues to argue the exclusive forum-selection clause does not control as to Count I because it is supposedly overridden by the parties "Finance Agreement." Without any basis in any "real" agreement, Plaintiff argues that the SPA, the four Warrant Agreements and the China JV Agreement – each of them independent agreements – should be artificially consolidated into a single "Finance Agreement," and that such made-up agreement, rather than the actual China JV Agreement, should govern the forum for Plaintiff's claims in Count I. (Opp'n at 9,10). This argument fails for several reasons.

First, no matter how many times Plaintiff may say (or wish) there was a "Finance Agreement," there is no such agreement. Instead, there are in reality only two agreements that are at issue in this lawsuit,[2] and one of those, the China JV Agreement, expressly provides an exclusive forum-selection clause for claims arising from the China JV Agreement. Count I – for "Breach of Contract – Failure to Pursue the China JV" – can only arise from the one agreement that even mentions the China JV, much less contains any rights or obligations related to the

---

[2] Again, while Plaintiff asserts that there are "six contracts that make up the Finance Agreement," there are at most two contracts on which Plaintiff actually alleges a breach – the China JV Agreement (Counts I, VI and VII), and the Tranche 1A Warrant (Counts II-V).

China JV – the China JV Agreement itself. In fact, Plaintiff concedes in the Amended Complaint that "**[t]he parties' rights and obligations with respect to that venture were memorialized in the China JV Agreement** . . . ." (Am. Compl. ¶ 21) (emphasis added).

22nd Century does not contest that there may be other instances – not present in this case – when multiple contracts that form part of a "single transaction" can be "read together." However, this legal principle is simply not applicable here, as the cases cited by Plaintiff make clear. In each of those cases, the analysis involved multiple contracts that expressly stated an intent to be executed or considered together, and hence formed the basis for the courts to conclude they were "part of a single transaction and [were] designed to effectuate the same purpose." *See, e.g., This Is Me, Inc. v. Taylor,* 157 F.3d 139, 143, 145 (2d Cir. 1998) ("the video contract expressly states that the two contracts were intended to be executed together."); *In re Residential Capital, LLC*, 533 B.R. 379, 398 (Bankr. S.D.N.Y. 2015) ("Further, the STA and TSA expressly state that each. . .is to be effected in accordance with the terms of the APA."); *TVT Records v. Island Def Jam Music Grp.*, 412 F.3d 82, 89 (2d Cir. 2005) (the two contracts "were intended to effectuate the same result: the production and release of a CMC album").

Here, in contrast, there was no single transaction, the contracts did not incorporate or rely on each other, and the contractual obligations in the agreements were not interdependent. Instead, the SPA documented one transaction: Plaintiff's purchase of $10 million worth of 22nd Century stock; the China JV Agreement documented another transaction: the parties' efforts to try to obtain a contract with China Tobacco through the China JV; and the Tranche 1A Warrant documented yet another transaction: Plaintiff's right to exercise or exchange warrants for 22nd Century stock under certain circumstances. Since these are "separate and distinct transactions,

the agreements cannot be read together." *See Big East Entm't, Inc., v. Zomba Enters., Inc.*, 453 F. Supp. 2d 788, 799 (S.D.N.Y. 2006).

Further, under New York law, multiple contracts executed at different times should be interpreted together only if "'the parties assented to all the promises as a whole, so that there would have been no bargain whatever if any promise or set of promises had been stricken.'" *Commander Oil Corp. v. Advance Food Serv. Equip.*, 991 F.2d 49, 53 (2d Cir. 1993) (internal citation omitted). That is clearly not the case here, as the SPA was a stand-alone agreement executed and fully performed weeks before the China JV Agreement or Tranche 1A Warrant. Also, the SPA does not reference, incorporate or even mention the China JV Agreement or the Tranche 1A Warrant, much less make the execution of, or performance under, those agreements a condition to Plaintiff's investment under the SPA. Similarly, the China JV Agreement does not reference, incorporate or mention the SPA, and performance thereunder is not conditioned upon performance under the SPA.[3] Finally, the Tranche 1A Warrant does not incorporate the SPA or even mention the China JV Agreement, and it is not dependent upon either such agreement, or vice versa. Thus, Plaintiff's allegation that the "'core motivation of Crede's investment in 22nd Century' was the formation of the China JV" (Opp'n at 8) is utterly unsupported by the agreements, which control over any alleged undocumented intent of a Plaintiff. *See Ahern v. S. Buffalo Ry. Co.*, 303 N.Y. 545, 560–61 (1952) ("it is well-established contract law that . . . the manifestation of a party's intention [in the written contract] rather than the actual or real intention is ordinarily controlling.").

---

[3] While the China JV Agreement contemplates a $10 million contribution by 22nd Century to the China JV, that payment is wholly separate from Plaintiff's purchase of $10 million of stock under the SPA. The SPA expressly states that the $10 million stock purchase proceeds would be used for "general corporate purposes." (Piezer Decl., Ex. A, ¶ 4(d)). In contrast, the China JV Agreement expressly provided that 22nd Century's $10 million dollar investment in the China JV, later reduced to $8.4 million, would be required only "[u]pon the payment of the [$8.4 million] license fee in full by China Tobacco to [22nd Century]," which payment would provide the funds for the China JV investment. (Sicignano, Ex. 1, ¶ 2.5).

Finally, even if these separate agreements could somehow be "read together" – despite the complete lack of basis for such an outcome – they still would not constitute a single contract needing a "unitary forum selection clause." (Opp'n at 9). To the contrary, the law is that:

> [E]ven though several instruments relating to the same subject and executed at the same time should be construed together in order to ascertain the intention of the parties, **it does not necessarily follow that those instruments constitute one contract or that one contract was accordingly merged in or unified with another so that every provision in one becomes a part of every other.... [It] does not mean that the provisions of one instrument are imported bodily into another, contrary to the intent of the parties**.

*Rosen v. Mega Bloks Inc.*, No. 06 Civ. 3474 (LTS)(GWG), 2007 WL 1958968, at *5 (S.D.N.Y. July 6, 2007) (quoting 11 WILLISTON ON CONTRACTS, § 30:26 (4th ed.) (emphasis added)), *report and recommendation adopted in part*, No. 06 Civ. 3474 (LTS)(GWG), 2008 WL 2810208 (S.D.N.Y. July 21, 2008)).

Consistent with this analysis, the fact that the China JV Agreement and Tranche 1A Warrant contain separate forum-selection provisions calling for exclusive venue in different forums, evidences a clear intent of the parties that the separate forum-selection clauses apply to the disputes arising out the separate agreements. Thus, even if the agreements were "read together" as Plaintiff contends, enforcement of each of the separate forum-selection clauses is a far more logical reading, as it would give effect to each of the agreed forum-selection clauses, in contrast to Plaintiff's argument that ignores the forum-selection clause in the China JV Agreement.[4]

---

[4] Contrary to footnote 3 of Plaintiff's Opposition, the reference in the SPA to "Transaction Documents" does not apply to the China JV Agreement. "Transaction Documents" are defined in the SPA as "this Agreement, the Registration Rights Agreement and each of the other agreements and instruments entered into or delivered by any of the parties hereto in connection with the transactions contemplated hereby and thereby . . . ." and none of which include the China JV Agreement. (Peizer Dec., Ex. A, § 3(b)).

**III.  Severance and Transfer is Appropriate to Enforce the Forum-Selection Clause**

**A.  Plaintiff Has Not Met Its Burden To Show the Exceptional Circumstances Necessary Not To Enforce the Forum-Selection Clause**

Plaintiff wrongly argues 22nd Century has the "burden to establish. . .'exceptional circumstances'" for enforcement of the forum-selection clause.  (Opp'n at 11).  However, the law is clear that it is Plaintiff, "as the party defying the forum-selection clause," that "bears the burden of establishing" that this is one of those "most exceptional cases," in which enforcement of the forum-selection clause "for which the parties bargained is unwarranted."  *Atl. Marine*, 134 S. Ct. at 581.  Moreover, Plaintiff **cannot** rely on *private interest* factors like any alleged "unfair prejudice to [Plaintiff]" from "carving-up, and refashioning its pleading," or any other alleged "inefficiency" or inconvenience (Opp'n at 12-13), because "any inconvenience or prejudice imposed on [plaintiff], or any other private interest factor, is not to be considered . . . ." *1-Stop Fin. Serv. Ctrs. of Am., LLC v. Astonish Results, LLC*, No. A-13-CA-961-SS, 2014 WL 279669, at *10 (W.D. Tex. Jan. 23, 2014).  Rather, the only factors to be considered are *public interest* factors, and Plaintiff must show they "**overwhelmingly disfavor a transfer**."  *Atl. Marine*, 134 S. Ct. at 583 (emphasis added).  Public interest factors, however, "will rarely defeat a transfer motion," and "**the practical result is that forum-selection clauses should control except in unusual cases**."  *Id.* at 582 (emphasis added).

The only public interest factor Plaintiff asserts is the alleged risk of inconsistent results, relying primarily on *Axis Oilfield Rentals, LLC v. Mining, Rock, Excavation & Constr., LLC*, No. 15-1627, 2015 WL 5774801 (E.D. La. Sept. 30, 2015).  However, that Louisiana case is decidedly different because, there, the court found the claims to be severed were the exact same as the remaining claims, creating the very real risk of inconsistent judgments: plaintiff's "**claims related to five air compressors purchased in 2013 [governed by a forum-selection clause] are the**

**exact same** as its claims related to the other thirty-six purchased in 2014 [not governed by the forum-selection clause]." *Id.* at *6 (emphasis added). Under those very unique facts, that court found there were "extraordinary circumstances" due to the risk of inconsistent results that justified not enforcing the forum-selection clause, and denying the severance and transfer. *Id.*

Here, Plaintiff's claims in Counts I, VI and VII are far from the "exact same" claims as Counts II-V. Counts I, VI and VII are all based on alleged breaches of, or tortious interference with, the China JV Agreement. To prove those claims, Plaintiff would have to prove the China JV Agreement obligated 22nd Century to perform as Plaintiff alleges, and that 22nd Century failed to perform, causing Plaintiff damages. These determinative facts and issues are distinctly different from the claims and issues in Counts II-V, which are all based on an alleged breach of the Tranche 1A Warrant, which as this Court knows, focuses critically on whether Plaintiff breached the Activity Restrictions and thereby nullified the Exchange Right. There is no risk of inconsistent results because none of the determinative facts or issues for the China JV Agreement claims would be determinative of the Tranche 1A Warrant claims, or vice versa. Accordingly, Plaintiff has not even come close to meeting its burden to establish "public-interest factors overwhelmingly disfavor a transfer." *See Atl. Marine*, 134 S. Ct. at 581.

    **B.**    **Numerous Other Courts Have Ordered Severance and Transfer**

Contrary to Plaintiff's arguments, severance and transfer to enforce a forum-selection clause is not even unusual after *Atlantic Marine*. Rather, 22nd Century previously cited to the Court multiple decisions that have done just what 22nd Century is requesting, (ECF No. 37 at 12-13). Further, contrary to Plaintiff's incorrect assertion that none of those cases "involved a request to sever only some of the claims" against a party (Opp'n at 12), the court did exactly that in *Excentus Corp. v. Giant Eagle, Inc.*, holding that the "**counterclaims arising under the stock purchase agreements . . . will be severed from [plaintiff's] claims and [defendant's]**

9

**other counterclaims** ... and the "**standalone civil proceeding created by the court severing [those] counterclaims . . . will be transferred to . . . the Northern District of Texas**." No. 13-178, 2014 WL 923520, at *11 (W.D. Pa. Mar. 10, 2014) (emphasis added).

This is exactly what 22nd Century is requesting here, and it is quite straightforward notwithstanding Plaintiff's feigned concerns about the supposed "novel issues" created by severance. (Opp'n at 12). More specifically, the Court may simply enter an order severing Counts I, VI and VII from this case, which would proceed only on Counts II-V, just as though the severed counts had been dismissed or stricken. The Court could then order transfer of the new case resulting from the severed Counts I, VI and VII to the WDNY by transferring the Amended Complaint to the WDNY, accompanied by the severance order directing that Plaintiff may only proceed on Counts I, VI and VII of the Amended Complaint in the WDNY.[5]

Finally, Plaintiff suggests that rather than sever and transfer of Counts I, VI and VII to the WDNY, the Court should instead dismiss those claims without prejudice pursuant to Rule 12(b)(3). However, dismissal is not the relief sought by 22nd Century, and 22nd Century believes such a dismissal of Counts I, VI and VII would be appropriate only if the order of dismissal expressly provided that such claims could be filed again, if at all, only in either the WDNY or the courts of the State of New York, County of Erie, as expressly required by the forum-selection clause in the China JV Agreement. Without such specific direction in the dismissal order, there would be nothing to stop Plaintiff from again flouting the forum-selection clause by attempting to refashion and refile the same claims in this or another venue.

---

[5] Alternatively, as the court did in *Excentus*, the Court could order severance of Counts I, VI and VII from the remaining claims, and direct Plaintiff to file the severed Counts I, VI and VII as a separate case in this District, and then transfer the separate case to the WDNY. *See Excentus*, 2014 WL 923520, at *11.

Dated: August 5, 2016  
New York, New York

**FOLEY & LARDNER LLP**

By: /s/ John A. Tucker
    John A. Tucker (jtucker@foley.com)
    C. Ryan Maloney (cmaloney@foley.com)
    Emily F. O'Leary (eoleary@foley.com)
    One Independent Drive, Suite 1300
    Jacksonville, FL 32202-5017
    Tel: 904.359.2000

    Jonathan H. Friedman (jfriedman@foley.com)
    90 Park Avenue
    New York, NY 10016
    Tel: 212.338.3416

    Beth I. Z. Boland (bboland@foley.com)
    111 Huntington Avenue
    Boston, MA  02199
    Tel: 617.342.4000

    *Attorneys for Defendant*
    *22nd Century Group, Inc.*